**Exhibit B** - Finding of Not Responsible of Sexual Harassment of Richard O and Letter from Defendant Refusing to Investigate Richard O



GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

January 11, 2022

PERSONAL AND CONFIDENTIAL
VIA E-MAIL

Allison Brown
allison.brown@wustl.edu

Dear Ms. Brown,

I am writing to follow up on the Amended Notice of Complaint sent to you on November 12, 2021, regarding your interactions with Richard Omoniyi-Shoyoola from August 26, 2021, through October 8, 2021, and from October 13, 2021, through November 4, 2021. After an investigation, including interviewing parties and witnesses, considering all the information provided, you have been found not responsible for the following violations of the University Student Conduct Code:

> University Student Conduct Code/4. Stalking, hazing, engaging in domestic, dating, or interpersonal violence, or any other conduct which harasses, threatens, or endangers the safety or health of, any member of the University community or visitor to the University.

> University Student Conduct Code/2. Interfering with the rights of other members of the University community or visitors to the University to engage in educational, recreational, residential, administrative, professional, business, and ceremonial activities, or other functions

> University Student Conduct Code/20. Knowingly or recklessly violating a published University policy, rule, or regulation; or participating in conduct which one should reasonably know to be a violation of a published University policy, rule, or regulation.

Investigator Fischer interviewed you, the Complainant and two witnesses. I based my decision on these interviews as well as the extensive documentation provided by the parties and witnesses. Specifically, I find that between August 26, 2021, and October 8, 2021, it is not more likely than not that you harassed Complainant or interfered with his rights as a member of the university community.

Complainant described two specific incidents of in-person contact in his initial complaint. The first incident on August 27, 2021, was observed by an independent witness. They recalled you expressing displeasure to Complainant and to others. The witness did not, however, remember you calling the Complainant any derogatory names or making comments that were sexual in nature. During the second incident, on the evening of August 28th into the early morning of August 29th, 2021, Complainant stated that you sexually propositioned him and then became

**Exhibit B** - Finding of Not Responsible of Sexual Harassment of Richard O and Letter from Defendant Refusing to Investigate Richard O



Washington University in St. Louis
GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

angry when he declined your advances. You denied that the conversation took place. No independent witnesses to this specific conversation were identified. Witness interviews and documentation do show that you and Complainant left the social gathering that evening together in a rideshare that you arranged. Complainant paid you the following morning for a portion of the cost. The information available does not corroborate that you said or did anything that was harassing or interfering with Complainant's rights.

The initial complaint also alleged several instances of unwanted electronic contact between August 26th and September 4th, 2021. Complainant acknowledged that he did not specifically tell you he wanted to have no contact with you during that time. He did say that he blocked you on several communication platforms. Documentation provided shows you were aware that Complainant had blocked you from some forms of communication during that time. Documentation also shows, however, that during the time you and Complainant had been acquainted, it was not uncommon for one or both of you to block the other from certain platforms, but maintain consensual communication by other means. It is not clear from the information provided, based on the history of your communication, that you knew all communication with Complainant during that time was unwanted. Further, additional documentation shows that Complainant continued to initiate in-person communication with you during the same period. None of your communications directed at Complainant during that time were harassing or interfering with Complainant's rights.

Complainant filed a second complaint alleging that you retaliated against him for filing his initial complaint and requesting a No Contact Order against you. Specifically, he reported that social media posts you made between October 13th and November 4th, 2021, were retaliatory. During that timeframe, Complainant was blocked from your social media sites and did not view these posts directly. None of the posts in question mentioned Complainant by name, "tagged" him or otherwise identified him. Based on the content of these posts and the fact that they were posted on a forum that Complainant was prohibited from viewing, they are not retaliatory. Specifically, I do not find that they adversely affected the terms of Complainant's education.

Overall, the totality of information provided to our office is insufficient to find you in violation of the University Student Conduct Code or any other university policy. The No Contact Order previously issued, however, remains appropriate and in place. You are directed to abide by the restrictions in that Order until further notice.

Ms. Brown, we truly want you to succeed in your remaining time at Washington University in St. Louis and hope we can be supportive of your efforts. Not abiding by the No Contact Order will result in further action and/or referral to the Office of Student Conduct and Community Standards. If you have any questions about this letter, or if we can be of any assistance to you, please feel free to contact our office.



Washington University in St. Louis
GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

Sincerely,

/s/ Cynthia M. Copeland

Cynthia M. Copeland, J.D.
Assistant Director & Associate Title IX Coordinator

Cc: Ms. Jessica W. Kennedy, Director, Gender Equity and Title IX Compliance Office & Title IX Coordinator
Mr. Richard Omoniyi-Shoyoola, Complainant

Exhibit B - Finding of Not Responsible of Sexual Harassment of Richard O and Letter from Defendant Refusing to Investigate Richard

# Washington University in St. Louis
### GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

July 5, 2022

PERSONAL AND CONFIDENTIAL
VIA E-MAIL

Ms. Brown
allison.brown@wustl.edu

Dear Ms. Brown,

After reviewing the information in the complaint you submitted on May 9, 2022, I have determined that the reported behaviors do not constitute Prohibited Conduct under the Title IX definition of Sexual Harassment. Therefore, the university has determined the matter should be dismissed as a Title IX complaint.

Further, after reviewing the documentation you submitted with your complaint, as well as your interview conducted by our investigator and the interview of an additional witness, I have determined that the conduct you allege does not rise to the level of a potential violation of the student conduct code or other university policy. Therefore, the complaint will also be dismissed as a Gender Equity complaint.

Specifically, regarding the allegations of repeated unwanted contact, **documentation** shows that, during the time you and Respondent had been acquainted, it was not uncommon for one or both of you to block the other from certain platforms or ask not to be contacted, but maintain consensual communication by other means. It is not clear from the information provided, based on the history of your communication, that Respondent knew his contact with you prior to the No Contact Orders was unwanted.

Regarding Respondent filing complaints with our office and the Office of Student Conduct and Community Standards (OSCCS), investigations of those complaints did not support a finding that Respondent's complaints were frivolous or false, even though you were found not responsible. Respondent is entitled to seek an Order of Protection through the courts, and did not violate the Student Conduct Code by doing so.

Regarding the potential charges of physical abuse and sexual assault, you alleged one instance of unwanted physical contact, the respondent placing his hands on your waist/hips following a party at his apartment. Based on the information and documentation we have, this contact did not rise to the level of either physical abuse or sexual assault. You also cite a text sent by the Respondent containing a proposed promise of physical affection and sexual activity. The information and documentation provided to us do not demonstrate any threats or other attempts

47

Exhibit B - Finding of Not Responsible of Sexual Harassment of Richard O and Letter from Defendant Refusing to Investigate Richard O

**Washington University in St. Louis**
GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

to have you agree to or abide by this promise. This does not rise to the level of a threat of physical abuse.

The allegation about the University of Chicago, if true, does not constitute a violation of the Code.

The No Contact Orders put in place on October 13, 2021, remain in effect. If you are in need of additional supportive measures, please let me know.

You have a right to appeal this dismissal. Your right to appeal is detailed in our Student Title IX Grievance Process under section 37. The Process can be found here: https://titleix.wustl.edu/students/student-title-ix-grievance-process/

If you have any questions about this letter, or if we can be of assistance to you, please feel free to contact the Gender Equity and Title IX Compliance Office.

Sincerely,
/s/ Cynthia M. Copeland
Cynthia M. Copeland, J.D.
Asst. Director & Assoc. Title IX Coordinator

Cc: Ms. Jessica W. Kennedy, Director & Title IX Coordinator

48