

Anamika R. Moore
Phone: (410) 332-8634
Anamika.Moore@saul.com
www.saul.com

January 6, 2025

***Via CM/ECF***

The Honorable Theodore D. Chuang
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

> RE:    *Brown v. Washington University in St. Louis School of Law, et al.*
> Case No.: TDC-24-3198; Defendants' Notice of Intent to File a Motion

Dear Judge Chuang,

Pursuant to Section II.A.1 of the Case Management Order (ECF No. 4), I submit the following Notice of Intent to File a Motion on behalf of Defendants Washington University in St. Louis School of Law ("WashU"), Adrienne Davis, Russell Osgood, Peggie Smith, Elizabeth Katz, Darrell Hudson, Elizabeth Walsh, Carrie Burns; Angela Smith, Rob Wild, Nicole Gore, Mark Kamimura-Jiménez, and Deanna Wendler-Modde (the "Individual Defendants") (together, "Defendants"). Defendants respectfully request the Court's permission to file a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim.

## Background

In her operative First Amended Complaint, Plaintiff Allison Brown, a Maryland citizen, alleges numerous, at times difficult to decipher, wrongs that she claims Defendants committed during her time as a student at WashU Law. The crux of the Amended Complaint, however, appears to be her six-month suspension from campus during an investigation into whether she violated the Student Code of Conduct by "engag[ing] in a pattern of disruptive and harassing behavior targeted at law school community members, including faculty and students." (Am. Compl. Ex. D, at 2, ECF No. 6-5.) Plaintiff claims that this investigation was actually pursued "because [she] is Black and complained of racial discrimination." (Am. Compl. ¶ 90.) Plaintiff further alleges WashU wrongfully revoked her scholarship and wrongfully initiated garnishment proceedings to collect her outstanding, unpaid tuition balance and late fees. (Am. Compl. at 3; *see also* Am. Compl. Ex. H, ECF No. 6-9.) She purports to assert eleven separate counts, each stemming from her suspension and the revocation of her scholarship.

Harbor East, 1001 Fleet Street, 9th Floor ◆ Baltimore, MD 21202-4359 ◆ Phone: (410) 332-8600 ◆ Fax: (410) 332-8862

CALIFORNIA  DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP
53681913.1

U.S. District Court for the District of Maryland
The Honorable Theodore D. Chuang
January 6, 2024
Page 2

### Maryland Lacks Personal Jurisdiction, Requiring Dismissal Under Rule 12(b)(2)

The Amended Complaint describes various interactions, meetings, and disciplinary proceedings, all of which took place in Missouri, where WashU is incorporated and maintains its principal place of business.  No Individual Defendant is domiciled in Maryland; the Amended Complaint's only allegations attempting to connect any Defendant to Maryland are that WashU "continuously recruits students to attend their undergraduate and graduate programs from the state of Maryland" (*id.* ¶ 4), that (unspecified) "Defendants" sent billing documents to Plaintiff's Maryland address (*id.* ¶ 23), that Plaintiff experienced "adverse and discriminatory actions"

while in Maryland (*id.*), and that (also unspecified) "Defendants" made allegedly defamatory statements that affected Plaintiff in Maryland, (*id.* ¶¶ 171-73).  Plaintiff does not allege that she was recruited to attend WashU Law while residing in Maryland.  In fact, Plaintiff appears to allege that she was residing in Michigan when she applied to and was accepted into WashU Law. (*Id.* ¶¶ 26, 28.)  Because this Court cannot exercise general or specific personal jurisdiction over any Defendant, Defendants seek to dismiss this case for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### Plaintiff Fails to State a Claim, Requiring Dismissal Under Rule 12(b)(6)

Additionally and in the alternative, Defendants seek to dismiss this case for failure to state a claim pursuant to Rule 12(b)(6), for the reasons described briefly below:

1.      **Count I – Title VII.** This claim fails because, among other reasons, Plaintiff does not allege that she filed a charge of discrimination with the EEOC.  *See Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999).

2.      **Count II – Title VI.** To state a claim under Title VI, a plaintiff must plead sufficient facts supporting that, *inter alia*, the defendant "intentionally discriminated against plaintiff on the basis of race, color, or national origin." *Prince v. Wiedefeld*, 2024 WL 3234003, at *7 (D. Md. June 28, 2024) (internal citations omitted).  Plaintiff alleges no such facts (other her own speculation and surmise) to support her allegation that WashU's investigation was motivated by her race rather than her "pattern of disruptive and harassing behavior."  (Am. Compl., Ex. D.)

3.      **Count III – Section 1981.**  To state a claim under Section 1981, a plaintiff must establish "purposeful, racially discriminatory actions that affect at least one of the contractual aspects listed in § 1981(b)." *Abraham v. Trident Vantage Sys., LLC*, 2024 WL 4607967, at *6 (D. Md. Oct. 28, 2024).  Plaintiff fails to set forth any allegations that would support such a finding.

4.      **Count IV – Fraud and Unjust Enrichment.** This claim, which is based on the allegedly inadequate education Plaintiff received while suspended and Defendants' alleged email "doctoring" (First Am. Compl. ¶ 152), is barred by the educational malpractice doctrine.  *See*

U.S. District Court for the District of Maryland
The Honorable Theodore D. Chuang
January 6, 2024
Page 3

*Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1034 (8th Cir. 2019) (applying Missouri law).  Further, Plaintiff's vague and conclusory allegations do not meet any of the required elements of a fraud claim or an unjust enrichment claim.  *See Dean v. Noble*, 477 S.W.3d 197, 204 (Mo. Ct. App. 2015); *Graves v. Berkowitz*, 15 S.W.3d 59, 61 (Mo. Ct. App. 2000).

       5.       *Count V – IIED.* Under Missouri law, the alleged conduct in an IIED claim "must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Gillis v. Principia Corp.*, 111 F. Supp. 3d 978, 987 (E.D. Mo. 2015) (applying Missouri law). Plaintiff's allegations do not meet this very high standard.

       6.       *Count VI – Negligence.* This claim fails because, among other reasons, Defendants did not owe Plaintiff a duty of care.  *See Freeman v. Busch*, 349 F.3d 582, 587 (8th Cir. 2003) ("[T]he general rule is that no special relationship exists between a college and its own students because a college is not an insurer of the safety of its students.") (collecting cases).

       7.       *Count VII – Breach of Contract.* This claim fails because, among other reasons, Plaintiff fails to identify any contract that allegedly existed between Plaintiff and Defendants.

       8.       *Count VIII – Defamation.* "To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement." *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757 (D. Md. 2015).  Plaintiff fails to do so.

       9.       *Count IX – 18 U.S.C. 241.* This claim fails because this statute does not "provide a private right of action." *Alexander v. Hendrix*, 2015 WL 3454145, at *3 (D. Md. May 29, 2015).

       10.       *Count X – Abuse of Process.* Plaintiff's allegations based on the initiation of an investigation under the Student Conduct Code do not give rise to an abuse of process claim.  *See Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 278 (Mo. 2019).

       11.       *Count XI – Amendment XIV of the U.S. Constitution.* This claim fails because Fourteenth Amendment claims cannot be brought against private universities or individuals.  *See, e.g.*, *McClean v. Duke Univ.*, 376 F. Supp. 3d 585 (M.D.N.C. 2019).

53681913.1

U.S. District Court for the District of Maryland
The Honorable Theodore D. Chuang
January 6, 2024
Page 4

## **Conclusion**

Defendants respectfully request permission to file a motion to dismiss under Rule 12(b)(2) and, in the alternative, Rule 12(b)(6).  Defendants have not met and conferred with Plaintiff regarding this motion.  Please do not hesitate to let me know if you require anything further.

Respectfully submitted,

*Anamika R. Moore*

Anamika Roy Moore

cc:    Lindsey M. Bruno, *pro hac vice forthcoming*

53681913.1