From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

January 7, 2024

*__Via CM/ECF__*

The Honorable Theodore D. Chuang

U.S. District Court for the District of Maryland

6500 Cherrywood Lane, Suite 245

Greenbelt, MD 20770

RE:    *Brown v. Washington University in St. Louis School of Law, et al.*
    Case No.: TDC-24-3198; Notice of Intent to File a Motion

Dear Judge Chuang,

Pursuant to Section II.A.1 of the Case Management Order (ECF No. 4), I submit the following Notice of Intent to File a Motion on behalf of myself, Plaintiff Allison Brown. I respectfully request the Court's permission to file a motion for sanctions against Defendants under Federal Rule of Civil Procedure 11(b) pursuant to Case Management Order II. A. 1. Neither Defendants nor Defendants' counsel have requested a pre-motion conference with the Court before requesting to file a Motion to Dismiss under 12(b)(6) and 12(b)(2). I respectfully request a pre-motion conference, and permission to file a motion for sanctions under Rule 11(b).

## Background

Washington University in St. Louis (hereafter, Wash U) and Defendants Adrienne Davis, Russell Osgood, Peggie Smith, Elizabeth Katz, Darrell Hudson, Elizabeth Walsh, Carrie Burns; Angela Smith, Rob Wild, Nicole Gore, Mark Kamimura-Jiménez, and Deanna Wendler-Modde (and the "Individual Defendants") (hereafter, "Defendants") have retained Maryland attorney Anamika Roy Moore in furtherance of their fraud, and illegal and racially discriminatory campaign of harassment against Plaintiff. Ms. Moore's January 6th 2025 "Defendants' Notice of Intent to File a Motion", similar to all other correspondence from Wash U, makes several baseless and false claims in bad faith in violation of Rule 11(b).

## Rule 11 – Generally

Rule 11(b) of the Federal Rules of Civil Procedure (FRCP) requires that attorneys certify that their claims, defenses, and other legal contentions are supported by law or a nonfrivolous argument for changing the law. Attorneys must also certify that their factual contentions are

1

From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

supported by evidence or are likely to be supported after further investigation. Wash U and their council have repeatedly violated this rule throughout their Notice filed on January 6, 2024.

Ironically, Ms. Moore correctly states in the first sentence of her "Background" section that Allison is a citizen of Maryland. Furthermore, there are over 50 documents and correspondence (including the 11 exhibits filed with the First Amended Complaint) between Defendants and Plaintiff that ONLY list Plaintiff's address as in the state of Maryland. Further, Plaintiff has not been a resident of the state of Michigan since 2019, when she graduated Magna Cum Laude from the University of Michigan. Plaintiff applied to Defendant Law School while she was working at Venable LLP in Washington D.C. as a Practice Group Assistant from October 2019 to October 2021. It would have been impossible for Plaintiff to have maintained a domicile in Michigan when she was hired for a full time **in person role** in a BigLaw firm situated in Washington D.C. Plaintiff disclosed this in both her personal statement[1] and resume in her application to Defendant Law School. Plaintiff has resided in the state of Maryland ever since, and used her Maryland address in her application to Washington University in 2021. As such, Washington University has purposefully availed itself to the state of Maryland through its continuous contact.

Further, WashU, nor any of the Defendants, have not corresponded with nor possessed any address for Plaintiff outside of her address in the state of Maryland. Plaintiff's scholarship letter, acceptance letter, and all other correspondence on Wash U letterhead was issued while Plaintiff resided in Maryland, and state Plaintiff's sole address as being in Maryland. Yet, Defendants have argued in bad faith that Plaintiff is or was a resident of Michigan. Accordingly, Plaintiff requests permission to file a motion for Defendants to be sanctioned under Rule 11(b).

Additionally, Ms. Moore incorrectly states that the "crux of the complaint" is Plaintiff's erroneous suspension. She purposefully omits the pattern of facts that occurred before the erroneous suspension including all of the racially discriminatory acts from Defendant Katz and Defendant Peggy Smith.

More flagrantly, Defendants in their January 6th filing failed to exercise an ordinary standard of care and diligence while investigating Plaintiff's suspension from law school and during the Student Conduct Board hearing. The entire Student Conduct Board hearing took place while Plaintiff was in Maryland. In fact, during the hearing, Defendant Walsh requested

---

[1] Specifically, Plaintiff stated in her personal statement that she was often tasked with getting coffee for her superiors at Venable LLP in Washington D.C. which cannot be done virtually nor from the state of Michigan.

From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

Defendant Hudson convert the hearing from zoom to be in person, in Missouri, because Defendant Walsh accused Plaintiff of being in Maryland talking with her mother during one session of the hearing. Plaintiff then objected to Defendant Walsh's request to move the hearing to being in person because Plaintiff had relocated back to her home state of Maryland before the Student Conduct Board proceedings in December 202, before the Student Conduct Board hearing had begun, and informed Defendants of the same. For Defendants to assert that Plaintiff was in Missouri during the hearing is frivolous, made in bad faith, and impossible to be supported by evidence upon further investigation sheerly from the pattern of events that took place during the hearing regarding Plaintiff's suspension from law school.

Anamika Roy Moore has requested the Court's permission to file a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. Accordingly, I request permission to file a Rule 11(b) motion as Defendants' arguments in their January 6th filing were made with the sole intention to unduly delay litigation, and are unsupported by even a scintilla of evidence.

### Specifics of Frivolous Pleadings

Plaintiff files a Rule 11 motion in response to Defendants' frivolous filing of a notice to dismiss this case pursuant to Rule 12(b)(2) and Rule 12(b)(6) as follows:

1.  Plaintiff did not file a charge of discrimination because of Defendants' commission of fraud in a conspiracy with her former attorney, Joseph Lento. Plaintiff states this in her Complaint. Further, Plaintiff's previous counsel has been suspended from the practice of law effective November 19, 2024, from the practice of law for 5 years and was deemed a "danger to the public" for his fraud and practices of misleading clients by the Disciplinary Board of the Supreme Court of Pennsylvania. Plaintiff did not file with the EEOC because of negligence by her former counsel who co-conspired with Defendants to defraud Plaintiff and convince Plaintiff that she had not been the victim of racial or sexual discrimination. This should obviate any administrative requirement regarding Plaintiff and the EEOC, and especially because both Title VI and Title VII provides a private right of action in the 4th Circuit.

2. Defendant's claim that Plaintiff alleges no such facts (other her own speculation and surmise) to support her allegation that WashU's investigation was motivated by her race rather than her "pattern of disruptive and harassing behavior" is ridiculous given the cornucopia of evidence that already exists throughout the exhibits and the videotapes (especially, Defendant Davis's

3

November 2nd class and the videotapes of the Student Conduct Board hearing) that will be requested through discovery.

3. The educational malpractice doctrine, which is fundamentally flawed in existence, is Missouri law and should not be exercised in Maryland for obvious reasons in both law and equity – Defendants want to continue to defraud students like Plaintiff and discriminate against Plaintiff on the basis of race and sex with impunity.

4. Plaintiff states that the alleged conduct of Defendants (which includes Defendant Davis crying and screaming on videotape that she is a white supremacist and a member of the KKK in the middle of a law school class, and then blames Plaintiff, a Black student for her own conduct ) is undoubtedly conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Had Ms. Moore watched the video of Defendant Davis's conduct on November 2, 2022, she wouldn't have filed such a frivolous pleading.

5.  Universities do owe a duty to their students to not expose them to an unreasonable level of harm. The case law on this point is copious and non-exhaustive. It should be a question for a jury to decide whether or not Defendants had a duty to protect Plaintiff from Richard O, a dangerous individual with numerous commissions of sexual assault at his undergraduate institution.

6. Defendants gave Plaintiff a scholarship with a specified condition of "full time student status" and have argued this point to the US Department of Education and the Ombudsman's Office of FAFSA but also simultaneously argue that Plaintiff has failed to identify any contract that allegedly existed between Plaintiff and Defendants. Make it make sense.

7. "To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement." Plaintiff clearly stated that the documents authored by Defendant Hudson and furnished to bar associations omitted and mischaracterized several key facts (including but not limited to Dinora's testimony that Defendant Katz's class was trash, that white students were harassing her because of her race, and Plaintiff's witnesses' testimony that Defendant Walsh was prosecuting Plaintiff for racial reasons.) To assert that these details were not stated in the Complaint requires, in the best interest of justice, for Plaintiff to request to file a Rule 11(b) motion for sanctions.

8. 18 U.S.C. 241 was enacted with the legislative intention of preventing the Ku Klux Klan (per Ex Parte Yarborough) from harming Black people and interfering with their fundamental rights.

4

From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

Defendants have already been reported to the Department of Justice in connection with their violation of 18 U.S.C. 241, which to private actors when the conspiracy was committed in furtherance with governmental officials. Plaintiff alleges and pleads to Court that Defendants violated the criminal statute of 18 U.S.C. 241 like the Klanspeople did in Ex Parte Yarborough. Further, because Defendants threatened Plaintiff with arrest, Plaintiff alleges that Defendants attempted to contract with the St. Louis Police (who were undersigned on her suspension letter) to conspire together to deprive Plaintiff of her rights.

9. Title VI incorporated the 14th Amendment, which prohibits recipients of federal funds from discriminating against people based on race, color, or national origin. Arguing that Wash U, as a recipient of federal funds, is not subject to the 14th Amendment is not only ludicrous but should warrant a Rule 11(b) sanction. See, e.g., Coalition for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n, 977 F. Supp. 2d 507, 519–20 (D. Md. 2013).

Lastly, Plaintiff would have responded promptly and clarified any questions regarding her residency had Defendants contacted her. Defendants admit in their January 6th filing that they have not contacted nor conferred with Plaintiff. Plaintiff urges the Court to know that Defendants' request to file a motion for dismiss is a stalling tactic as Defendants have been fighting, tooth and nail, for the past two and a half years to not have to answer for their crimes, and to not have to produce the videos of Plaintiff's classes and Defendant Davis's behavior, all of which upon subpoena or order from the Court, will further confirm Plaintiff's allegations that are already substantiated by her Complaint and foregoing exhibits of over 100 pages.

### Conclusion

Plaintiff respectfully requests permission to file a motion for sanctions under Rule 11(b) and requests a pretrial conference in accordance with Case Management Order II. A. 1. Plaintiff also respectfully requests for the Court to not entertain the motion to dismiss without delay. Plaintiff respectfully requests that Defendants to be required to Answer instead of filing a motion to dismiss so that Defendants will Answer for their myriad crimes once and for all.

Respectfully submitted,



Allison Brown, Plaintiff

From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

Here is the last page of this document, signed in ink.

From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

Defendants have already been reported to the Department of Justice in connection with their violation of 18 U.S.C. 241, which to private actors when the conspiracy was committed in furtherance with governmental officials. Plaintiff alleges and pleads to Court that Defendants violated the criminal statute of 18 U.S.C. 241 like the Klanspeople did in Ex Parte Yarborough. Further, because Defendants threatened Plaintiff with arrest, Plaintiff alleges that Defendants attempted to contract with the St. Louis Police (who were undersigned on her suspension letter) to conspire together to deprive Plaintiff of her rights.

9. Title VI incorporated the 14th Amendment, which prohibits recipients of federal funds from discriminating against people based on race, color, or national origin. Arguing that Wash U. as a recipient of federal funds, is not subject to the 14th Amendment is not only ludicrous but should warrant a Rule 11(b) sanction. See, e.g., Coalition for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n, 977 F. Supp. 2d 507, 519–20 (D. Md. 2013).

Lastly, Plaintiff would have responded promptly and clarified any questions regarding her residency had Defendants contacted her. Defendants admit in their January 6th filing that they have not contacted nor conferred with Plaintiff. Plaintiff urges the Court to know that Defendants' request to file a motion for dismiss is a stalling tactic as Defendants have been fighting, tooth and nail, for the past two and a half years to not have to answer for their crimes, and to not have to produce the videos of Plaintiff's classes and Defendant Davis's behavior, all of which upon subpoena or order from the Court, will further confirm Plaintiff's allegations that are already substantiated by her Complaint and foregoing exhibits of over 100 pages.

### Conclusion

Plaintiff respectfully requests permission to file a motion for sanctions under Rule 11(b) and requests a pretrial conference in accordance with Case Management Order II. A. 1. Plaintiff also respectfully requests for the Court to not entertain the motion to dismiss without delay. Plaintiff respectfully requests that Defendants to be required to Answer instead of filing a motion to dismiss so that Defendants will Answer for their myriad crimes once and for all.

Respectfully submitted,

Allison Brown, Plaintiff

6