From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

March 18, 2025

*Via CM/ECF*

The Honorable Theodore D. Chuang

U.S. District Court for the District of Maryland

6500 Cherrywood Lane, Suite 245

Greenbelt, MD 20770

RE:   *Brown v. Washington University in St. Louis School of Law, et al.*
      Case No.: TDC-24-3198; Notice of Intent to File a Motion

Dear Judge Chuang,

      Pursuant to Section II.A.1 of the Case Management Order (ECF No. 4), I submit the following Notice of Intent to File a Motion on behalf of myself, Plaintiff Allison Brown. I respectfully request to amend my Complaint against Defendants under Federal Rule of Civil Procedure 15 pursuant to Case Management Order II. A. 1. In this notice to file a motion, I respectfully request the permission to file a motion to amend my complaint. I do not wish to delay the trial process, and I believe that a reasonable civil rights attorney would be able to discern from a pro se Plaintiff's Complaint that I have satisfied the requirements to plead my claims with particularity and specificity and ask for any relief that the Court can provide. Nevertheless, I file this notice of intent to file a request to amend my Complaint.

### Notice of Intent to File a Motion to Amend Complaint for Clarification

      Under Federal Rule of Civil Procedure 15(a), after the service of a responsive pleading, "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Whether the amendment relates back to the date of the original pleading is governed by Federal Rule of Civil Procedure 15(c) which provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom the a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the

action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Plaintiff's requests to amend her Complaint follow.

### Clarifying Legal Entity – Washington University, EIN 43-0653611

Plaintiff hereby gives notice that it requests to change the name of one of the Defendants in the Complaint from "Washington University in St. Louis School of Law" to "Washington University." In Defendant's Memorandum (ECF-331), Defendant States that "The Washington University School of Law is not an independent legal entity." (ECF 33-1, Footnote 1)

Washington University in St. Louis is the common name for the legal entity responsible for Plaintiff's injuries. However, additional research reveals that the legal entity name for Washington University in St. Louis is Washington University. Thus, Plaintiff would like to file a motion to change the name of the corporate defendant to "Washington University." Washington University, one of the proper Defendants, is a legal entity with an EIN Number of 43-0653611.

Plaintiff maintains that notwithstanding any initial confusion that caused her to bring suit against Washington University School of Law, Washington University knows that but for a mistake concerning the identity of the proper party, the action would have been brought against Washington University. Defendants have been less than candid with this Court regarding the proper corporate entity responsible for Plaintiff's injuries. Only Plaintiff's extensive research revealed that Washington University is the proper party to be sued for Plaintiff's injuries.

### Title IX Claim

Under *Feminist Majority Found. v. Hurley*, 911 F.3d 674 (4th Cir. 2018), the Court held that "a victim of sex discrimination is entitled to pursue a private cause of action against a federally funded educational institution for a violation of Title IX." Further, in *Davis v. Monroe County Board of Education*, the U.S. Supreme Court explained that sexual harassment constitutes "discrimination" within the meaning of Title IX. The Court also held in Hurley that "a school administrator has a duty to ameliorate such an environment." *Id*, at 66. *Hurley* also established that "a covered institution can be liable under Title IX for its deliberate indifference to known acts of student-on-student sexual harassment in its programs or activities, if that

2

harassment is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. An educational institution can only be liable for student-on-student sexual harassment, however, when the institution exercises substantial control over both the harasser and the context in which the known harassment occurs" *Id.*

Plaintiff alleges: that Defendants had a duty to protect Plaintiff and the Wash U community from Richard O, a sexual predator with Title IX charges that would have been discovered upon Defendant Walsh, as Associate Dean of Students, had a duty to conduct a reasonable investigation of their applicants as required by the ABA because law school Deans are required in most jurisdictions, including Missouri and Maryland to certify the good moral character and fitness of each graduate who seeks admission to the Bar. Defendant Walsh also failed to investigate Richard O upon matriculation; exerted control over Richard O as a law student at Defendant Law School; controlled the law school environment where Plaintiff was harassed; and failed to initiate an investigation into Plaintiff's complaints of sexual harassment. Plaintiff wishes to include these facts in her Complaint and re-assert that Defendants violated Title IX.

Defendants did not acknowledge that Plaintiff has alleged violations of Title IX in her complaint. Plaintiff intends to have brought claims under Title IX under the Education Amendments of 1972, codified in 20 U.S.C. §1681 et seq.

Additionally, on Page 10 of Plaintiff's Complaint, in between lines 37 and 38, Plaintiff states "August 2021 – May 2022: Title IX Violations and Exposure to Sexual Predators." Because Plaintiff wants to be unequivocally clear to the court, and prevent the bar of her claims: Plaintiff clarifies that she intends to brings suit against Defendants before a jury regarding all of the causes of action listed in the Complaint, including but not limited to: Title IX of the Education Amendments of 1972, Title VI of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866 "Section 1981," Title 42 of the United States Code (42 U.S.C. § 1983) "Section 1983," and Title 42 U.S.C. Section 1985 "Section 1985."

## Clarify Claim Under Section 1983

Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.

3

From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

Ct. 807, 127 L. Ed. 2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)); *see Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009). "Two elements are essential to state a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Plaintiff argues that Section 1983 liability should be imparted upon Defendant Law School and Defendants because Defendants perform and provide an essential government function: providing the mandatory prerequisite law education (Juris Doctor) required for admission to the practice of law in 46 out of 50 of the United States. Further, Defendants acted under the color of law through the providence of threatening Plaintiff with arrest and expelling her from law school upon threat of said arrest. Here, and through the Complaint and Reply, Plaintiff has alleged a prima facie violation of Section 1983.

Further, Plaintiff requests to allege violations of Section 1983 on the grounds that her 4th Amendment, 5th, and 14th Amendment rights by discriminating against Plaintiff on the basis of Plaintiff's race (Black), and depriving Plaintiff of the property interests in both her employment with Defendant Davis and Defendant law School and her law degree. Defendants also violated 1983 by threatening Plaintiff with arrest by the St. Louis in Missouri, and erroneously depriving Plaintiff of her rights for six months before she was found not guilty of any violation of the Student Conduct Code, Honor Code, or law of the United States. Further, the subsequent revocation of her scholarship, interference with her clerkships, employment, and rights *after* Plaintiff relocated to Maryland for her safety should also constitute violations of Section 1983.

### Remove Abuse of Process; Add Claim Under Civil Rights Restoration Act of 1987

Plaintiff wishes to remove her claim for abuse of process and allege that Defendants have violated the Civil Rights Restoration Act of 1987, which prohibits recipients of federal funds from race discrimination. Plaintiff's Complaint should be amended to reflect this change and allege that Defendants violated the Civil Rights Restoration Act of 1987.

From: Allison Brown | Phone: 301-875-2658 | email : albsure@umich.edu

## Incorrect Citation of 18 USC 241 Instead of 42 US Code 1985

The requirements for a 42 U.S.C.S. § 1985(3) claim are that one must (1) conspire (2) for the purpose of depriving the plaintiff of equal protection of the laws, or of equal privileges and immunities under the laws, (3) by an overt act (4) causing injury. The United States Court of Appeals for the Fourth Circuit interpreted § 1985(3)'s relationship to Title VII, **but not Title VI.** ". . . unless a plaintiff can demonstrate that the private discrimination contravenes a privilege or immunity granted by the laws of the United States, he cannot state a claim within § 1985(3)."

Plaintiff asserts that Defendants' conspiracy, outlined and contained in the Complaint and Reply, constitutes a violation of Section 1985. Further, Plaintiff wishes to clarify that in Count IX of the Complaint, on page 38, Plaintiff intended to have referenced "42 U.S. Code § 1985 - Conspiracy to interfere with civil rights" instead of "18 USC 241 – Conspiracy Against Rights." Defendants have stated in their Notice to File a Motion to Dismiss that "Plaintiff does not have a cause of action under 18 USC 241." Plaintiff alleges violations of Section 1985 three separate times within her Complaint: on Page 3 in the last paragraph of the introductory section, Page 5 of the Complaint in Number 6, Page 5 of the Complaint of Number 18, and Plaintiff's descriptions of Defendants' conspiracy to interfere with Plaintiff's rights because she is a Black female who complained of racial and sex discrimination in connection with her tenure at Defendants. Count IX should read "42 USC Section 1985, Conspiracy to Commit Discrimination."

## Conclusion

Plaintiff requests that because she is pro se, and because she mentioned Title IX, Section 1983, 42 USC Section 1985 several times throughout her complaint, she will be granted leave from the court to be able to amend her complaint in the interest of justice and so that her claims are not misunderstood or barred. Plaintiff also requests that the Court clarify any deadline and page limitations for the amendments to her complaint, if granted leave to amend.

Respectfully submitted,

Allison Brown, Plaintiff                                                                                          3/18/2025