<u>University Student Conduct Board Hearing</u>
<u>In re Allison Brown</u>
Evidentiary Rulings Related to February 24, 2023 Hearing Session

**CONFIDENTIAL MEMORANDUM AND ORDER**

During the hearing in the above-referenced matter held on February 24, 2023, before the Student Conduct Board (SCB), the parties raised additional evidentiary questions. Immediately following that hearing session, the parties were invited to provide oral arguments regarding these issues. I then wrote to the parties and asked them specific questions related to the evidentiary issues and invited the parties to submit any additional written arguments they wished for me to consider. Both parties submitted written responses.

I have carefully considered the evidentiary issues as well as the parties' arguments and have made the following decisions, reflected below. This Memorandum and Order supplements, but does not supersede, my Order of December 12, 2022.

1.      **Evidence Related to the Title IX Matters Between Respondent and R.O-S.**

In my Order of December 12, 2022, I excluded then-marked Respondent Exhibits 9-13. That series of documents related to another law student, R.O-S., who apparently sought an Order of Protection against Respondent in the St. Louis County Circuit Court. That same student also filed a Title IX complaint against Respondent. Respondent pursued her own Title IX complaint against this student. She included in her proposed exhibits for the current SCB student conduct matter several documents relating to that Title IX cross-complaint, such as emails she exchanged with the Title IX office, a text exchange between the Respondent and R.O-S., and email exchanges with the law school regarding final exam accommodations due to a scheduling conflict with a hearing on the Order of Protection.

At the Pre-Hearing Conference, Complainant objected to Respondent's Exhibits 9-13, arguing that they were irrelevant to the current SCB student conduct matter. Complainant further represented that the law school was not planning on discussing the Title IX matter as part of its case.

In my December 12, 2022 Order, I excluded Respondent's Exhibits 9-13, finding that the Title IX proceeding was not relevant to the current allegations and charges against the Respondent. I further stated: "[t]he Respondent is welcome to provide her own testimony that offers the SCB Panel some additional context on her interaction with Dean Smith."

At the hearing on February 24, 2023, there were additional evidentiary issues related to the Title IX matters between Respondent and R.O-S, which included the following:

- References in a text chain (Complainant's Evidence 22) where Respondent refers to R.O-S. as a "little bitch."
- Testimony by Witness Graeme Harcourt to the effect that he had heard about an individual who showed a "sex contract" to the Respondent and that Respondent

had "destroyed" that person's reputation. He also said he heard that Respondent posted pictures on social media labeling an individual as a "rapist." Mr. Harcourt did not refer to a Title IX matter, nor did he mention R.O-S. by name.

There were also questions regarding the extent to which Complainant and Respondent could question and/or solicit testimony from witnesses throughout the hearing regarding the Title IX proceedings.

In response to a question from me, Complainant reaffirmed that the law school does not intend to rely on interactions between Respondent and R.O-S. for its case. Respondent calls the Title IX matters the "elephant in the room," arguing that she must be allowed to reference them to give context to Complainant's allegations. Respondent further argues that some of Complainant's witnesses are biased against Respondent because of the Title IX matters between Respondent and R.O-S. She notes that the outcome of that process is known to the law school community generally because she disclosed it publicly. She argues that if witnesses (like Graeme Harcourt) reference what they may "have heard" about the Title IX proceeding she should be entitled to reference it as well to attack the credibility of the witnesses against her.

**Decision:** Respondent's concerns that she be allowed to respond to evidence or testimony from witnesses that relates to her relationship with R.O-S. and/or the proceedings between those two students are valid and understandable. At the same time, this proceeding is not a forum to re-adjudicate the Title IX matters between Respondent and R.O-S. The SCB's role is to review evidence which tends to prove or disprove the student conduct code charges and, more specifically, determine whether such evidence is sufficient to demonstrate that Respondent committed the charged offense(s).

Complainant has represented that the law school will not rely on communications or interactions between Respondent and R.O-S. in this matter. Therefore, evidence of those interactions and the nature or result of the Title IX proceedings is not admissible in this proceeding; however, Respondent is welcome to provide her own testimony to provide context to any specific piece of evidence (such as her interactions with Dean Smith) that Complainant relies on as part of the law school's case.

Complainant is directed to notify the law school's witnesses that they should not reference interactions between Respondent and R.O-S. in their testimony, and Complainant is further directed that the law school is not to solicit testimony from its witnesses regarding interactions between Respondent and R.O-S.

I will provide an instruction to the SCB Panel clarifying that Respondent and R.O-S. were the subject of Title IX cross-complaints against each other, which were both adjudicated with a finding of "no responsibility" by either party. I will further instruct the SCB Panel that these findings do not constitute evidence for purposes of this proceeding; that the information is provided as context only; and, that it should not be relied on in its deliberations or in making a finding in this case.

2

I will provide an instruction to the SCB Panel that they are to disregard and not consider the reference in Complainant's Evidence 22 where Respondent refers to R.O-S. as a "little bitch." That reference in Evidence 22 shall be redacted and removed from the record. Similarly, the SCB Panel will be instructed to disregard all testimony referencing this evidence.

I will provide an instruction to the SCB Panel that they are to disregard and not consider the statements by Witness Graeme Harcourt related to a "sex contract" or the posting of pictures that may have labeled an individual as a "rapist."

To the extent Respondent believes Complainant's witnesses may be biased against her and in favor of R.O-S. or to the extent a particular witness references the nature of or allegations in her Title IX proceedings with R.O-S., she may question them about:

- Their relationship with R.O-S.;
- Whether they are aware of cross-complaints between Respondent and R.O-S. in that unrelated matter;
- The extent of their personal knowledge (as opposed to general knowledge or gossip) of those allegations; and
- Whether their perception of Respondent's treatment of and/or interactions with R.O-S. has impacted their perception of Respondent.

### 2.    Evidence of Professor Davis's November 2 class

At the February 24, 2023 hearing, Respondent renewed her request to admit the video of Professor Davis's class from November 2, 2022. This request appears to be in response to testimony from Complainant's witness, Graeme Harcourt, referencing a rumor that Respondent had a made a professor "cry." Complainant continues to object to the admission of this video and has represented that the law school is not relying on any interactions from Professor Davis's November 2 class as part of the law school's case against Respondent.

**Decision:** Because Complainant is not relying on interactions from Professor Davis's November 2 class as part of the law school's case against Respondent, at this time I will continue to exclude the video of the class.  However, Complainant is directed to notify the law school's witnesses that they should not reference Professor Davis's November 2 class in their testimony, and Complainant is further directed that the law school may not solicit testimony from its witnesses regarding Professor Davis's November 2 class.

I will provide an instruction to the SCB Panel that it is to disregard and not consider the statements by Witness Graeme Harcourt related to Respondent making a professor "cry."

To the extent a witness references a rumor about a professor "crying" (or related testimony) Respondent is free to cross-examine such witness about their personal knowledge (or lack thereof) of such an event.

Should it appear that the law school is relying on Professor Davis's November 2 class as part of its case, I reserve the right to revisit this ruling and provide the video to the SCB Panel for

3

viewing. For that reason, Complainant is ordered to preserve the video of this class for the duration of this process.

### 3.    Recordings of Professor Katz's Spring 2022 Criminal Law Class

At the February 24, 2023 hearing, Respondent requested that recordings of Professor Katz's Spring 2022 Criminal Law class be played for the Panel. This request, raised for the first time during the hearing, were in response to statements from Witness Graeme Harcourt regarding events that allegedly occurred in the class.

**Decision:** At this time, I am denying Respondent's request to include video of Professor Katz's Spring 2022 Criminal Law class. To the extent Complainant is relying on any specific classroom interactions in support of the charges against Respondent, it is Complainant's burden to provide evidence of such interactions to the Panel. To the extent Complainant offers such evidence through witness testimony, Respondent is able to cross-examine the witness regarding such testimony. Respondent may also testify in her case about her own perceptions and experiences of any specific classroom interaction on which Complainant relies to establish its case.

However, to the extent Complainant relies on a specific classroom interaction in support of her case, I reserve the right to request the recording of that specific class and direct Complainant to preserve the recordings of Professor Katz's Spring 2022 Criminal Law class for the duration of this process.

### 4.    Compelled Testimony of Alex Templeton

Respondent has requested that the SCB Panel compel the testimony of student Alex Templeton. Respondent alleges that Alex Templeton's appearance as a witness is necessary for Respondent to demonstrate the reasonableness of her fear towards Alex Templeton and the basis for Respondent's related Instagram posts.

**Decision:** I am denying Respondent's request to compel the attendance of student Alex Templeton at the SCB Hearing. Respondent may testify as to the reasons she made various Instagram posts related to Alex Templeton and the context surrounding those posts without the necessity of compelling Alex Templeton to appear at the hearing.

### General Provisions

In light of the rulings contained herein and the general nature of the proceedings during this hearing's first session on February 24, I offer two additional directives as to how this matter should proceed when we re-convene.

First, I note that many of these nuanced evidentiary issues require the parties to caution their own witnesses to avoid certain topics. One suggestion the parties may wish to consider, in order to avoid over-stepping these boundaries, is to ask witnesses specific questions that seek

information about one topic at a time rather than asking questions that call for lengthy narratives.

My second comment relates to decorum and professionalism. I remind the parties that every participant in this process should be treated with respect. To that end, I remind the parties that they must refrain from interruptions and from making editorializing comments regarding a witness's testimony. Properly raised objections or concerns that particular testimony conflicts with my pre-hearing orders will be considered, but continued interruptions to interject argument and opinion will not be tolerated.

Signed:                                             Dated:  March 14, 2023

_____*/s/ D. Hudson*_____
Darrell Hudson, SCB Panel Chairperson

Signature Page

Allison Brown, Plaintiff