**Exhibit 15 - Affidavit of Patricia Brown, Plaintiff's mother and Maryland resident, of her interaction with Defendants while in Maryland**



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

ALLISON BROWN,

  Plaintiff,

v.           Civil Action No. TDC-24-3198

WASHINGTON UNIVERSITY SCHOOL OF LAW, et al.,

Defendants.

AFFIDAVIT OF PATRICIA BROWN

The undersigned declares and states as follows:

1, My name is Patricia Brown. I am Plaintiff's mother. I am over twenty-one years of age and a Maryland resident. I was in Maryland as a Maryland resident during all of my interactions with Defendants. I have personal knowledge of the following statements made below in support of Plaintiff's Memorandum in Support of their Reply and Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Failure to State a Claim, and I am fully competent to provide testimony about the same.

2. I spoke to the WASHU Title IX Office in Fall 2021 regarding Richard O's sexual harassment claim against Plaintiff and requested that the investigation be conducted expeditiously and a decision be made, either way, so that Plaintiff could focus on her studies.

3. I called Defendant Walsh and asked her to send the Letter of Good Standing to Georgetown and Columbia in the Summer of 2022 as soon as possible, as both institutions had requested it for some time and had not received it. She told me that she would send it.

4. In Fall 2022, Plaintiff sent me emails from Defendant Davis that made me think that Defendant Davis was going to report Plaintiff for being disruptive. I told Plaintiff to not speak in Defendant Davis' class. Plaintiff told me that she did not speak in Defendant Davis' class for two weeks, and then told me about Defendant Davis' performance on November 2, 2022 and Plaintiff's suspension.

5. Shortly thereafter, I sent three emails to Defendant Wild and Defendant Walsh.

6. The first email was a letter explaining that Defendant Davis faked her outrage at Plaintiff's innocuous comment to get her suspended. I submitted emails between Plaintiff and Defendant

Davis showing that Defendant Davis was overly preoccupied with Plaintiff raising her hand in class, and had written an email that Plaintiff and Defendant Davis had discussed the same, when in fact, Defendant Davis had told Plaintiff that she could not use the word "coon" in her class.

7. The second email was an article explaining the use of the word "coon" to describe a black person that harms other black people for their personal gain, and that in my life experience, I have found that people who are "coons" do not like the use of the word "coon."

8. The third email I sent was the letters of 2 students in Plaintiff's class, who supported Plaintiff and my suspicion that Defendant Davis had feigned outrage at Plaintiff to get her suspended.

9. I called Defendant Walsh to see if she received my three emails. Defendant Walsh told me that she did receive my three emails.

10. Shortly thereafter, Plaintiff told me that Defendant Davis was removed as a witness against her in the Student Conduct Board proceeding.

11. Plaintiff told me that no evidence regarding Defendant Davis and her November 2, 2022 performance would be admissible in the Student Conduct Board Hearing.

12. I sent emails to Defendant Gore, Defendant Hudson, Defendant Walsh and others asking if evidence regarding Adrienne Davis could be admissible, as it was the "but for" cause of Allison Brown's suspension.

13. I never received a response from any of the Defendants regarding my emails. I believe that if I was white, Defendants would have responded to my emails.

14. In Fall of 2023, I emailed Defendant Wendell-Modde and asked her to apply Plaintiff's scholarship to Plaintiff's tuition bill.

15. Shortly thereafter, I received a response from Lisa Wood, Esq. that any inquiries regarding Plaintiff should be directed to her.

16. I may have had more contacts with Defendants while I was in Maryland, but these are the ones that come to mind as I write this Affidavit.

17. I certify, not merely that I believe that my attached signature is valid, but that as to my personal knowledge in every particular fact or allegation, it is original and does not depend on information or hearsay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts therein and Exhibits attached are true and correct.

Executed on March 14, 2025          _____

Patricia Brown

Allison Brown, Plaintiff

3