<u>University Student Conduct Board Hearing –
In re Allison Brown</u>
Pre-hearing Conference Held

Attendees at Pre-Hearing Conference on December 8, 2022 via Zoom:

Darrell Hudson, Chair of the University Student Conduct Board (SCB)
Dean Elizabeth Walsh, Complainant on behalf of the Law School
Prof. Peter Joy, Complainant's Support Person
Allison Brown, Respondent
Deanna Wendler Modde, Associate General Counsel, advisor to the SCB
Nicole Gore, Associate Dean for Student Conduct and Community Standards
Lisa Stevenson, Co-Chair of the University Student Conduct Board (observing)


**CONFIDENTIAL MEMORANDUM AND ORDER**

A pre-hearing conference in the above-named matter was held on December 8, 2022, before me, Darrell Hudson, Chairperson of the Student Conduct Board (SCB).  This Memorandum and Order will serve as a summary of the issues presented during pre-hearing conference.

Prior to the pre-hearing conference, each party was instructed to provide a list of their witnesses and their anticipated evidence for the sanctions hearing in this matter (the "Hearing").  Each party was given the opportunity to review the other party's submission and present me with their questions or concerns.  During the pre-hearing conference, we discussed the parties' objections and concerns and gave the parties an opportunity to respond.

I took the evidentiary concerns under advisement and have made the following decisions, reflected below.

**<u>The Complaint and Charge Against Respondent</u>**

The student respondent, Allison Brown, is charged with a violation of Offense Nos. 2 and 4 under the University Student Conduct Code.  The Complainant School of Law alleges that the Respondent engaged in a pattern of disruptive and harassing behavior inside and outside of the classroom, which began prior to the Respondent's matriculation, continued during the Spring 2022 semester, and has persisted into the current semester, even after faculty and administrators communicated regarding concerns about the Respondent's behavior.  Specifically, the Complainant alleges it received multiple reports from students and faculty that:

1.  Students do not feel comfortable participating in classes they share with the Respondent because the Respondent allegedly posted derogatory and inflammatory remarks about the classmates and their class related comments on social media;
2.  The Respondent allegedly engaged in a pattern of attacking students on social media who do not share the Respondent's views or with whom Respondent disagrees;

3. The Respondent allegedly engaged in similarly disruptive behavior in class and on course instruction platforms; and

4. One student reported that they did not feel comfortable meeting in person with Dean Walsh because they had heard the Respondent knew who came to Dean Walsh's office.

The Complainant alleges that as a result of the Respondent's behavior, students have been unable to fully participate in the law school classroom and in extracurricular activities, and law school community members have been impeded in their ability to engage in educational, administrative, professional and other functions. The Complainant alleges that the Respondent's actions and resulting impact constitute a violation of Offense numbers 2 and 4 under the University Student Conduct Code.

The Respondent has denied the allegations and a hearing before the Student Conduct Board is scheduled for Thursday, December 15, 2022. Phase One of the hearing will determine whether a violation of the code has occurred and if a violation is found, Phase Two will determine sanctions.

## **Complainant Documents and Witnesses**

The Chair first took up the Complainant's proposed Documents and Witnesses. The Respondent raised the following questions and objections:

### 1. **Unredacted Exhibits**

A number of the Complainant's exhibits include written communications from individuals whose identity was redacted. The Respondent first asked the Chair for unredacted versions of the Complainant's exhibits. The Complainant agreed to submit unredacted versions of the exhibits, subject to the Respondent's acknowledgement that the exhibits themselves and the names included in the exhibits are considered confidential and required to be treated as such.

I instructed Dean Nicole Gore to provide unredacted versions of the exhibits to the Respondent (to the extent she has unredacted versions) and to include a reminder regarding the confidential nature of these materials and the individuals identified. After receiving the unredacted exhibits, the Respondent provided additional objections, as further described in section 5 below.

### 2. **Video of Professor Davis's November 2 class**

The Respondent asked that the Complainant provide the SCB with a copy of Professor Davis's November 2, 2022 class in which the Respondent was enrolled and participated. The Respondent indicated that she believes her conduct in that class period led to her temporary suspension. The Respondent suggested that the Complainant intends to rely upon and use the discussions that took place during that class period as evidence in support of the charges against the Respondent.

The Complainant responded that she will confirm whether the video is still available and stated that she may wish to raise objections to admission of the video if the Respondent wishes to include it as evidence.

**Decision:** If the Respondent's conduct in the November 2 class period is being used as evidence in support of the alleged violations, I am inclined to agree with the Respondent's assessment that it would be helpful for the SCB Panel to actually see the video.  I believe that our viewing of the class and any alleged behavior on the part of the Respondent would help us understand what took place.  I am not making a final decision in this regard, however, as the Complainant indicated she may wish to object if the video is available.  The Complainant is required to advise Dean Gore of any objections she may have to admission of the video no later than 5:00 p.m. on Tuesday, December 13, 2022.

### 3.  Submission of Additional Exhibits by the Respondent

The Respondent requested the opportunity to submit additional proposed exhibits now that she has seen the Complainant's witness list.  The Respondent's request was granted, and she indicated she could have the additional proposed exhibits to Dean Gore by close of business on Friday, December 9, 2022.  The Complainant was given until Monday, December 12, 2022 at 9:00 a.m. to submit to Dean Gore any objections to the Respondent's additional proposed exhibits.  The Complainant advised Dean Gore that she did not have any objections to the Respondent's additional proposed exhibits.

### 4.  The Complainant's Exhibit 17

The Respondent objected to the Complainant's Exhibit 17, which she asserted was not complete and did not include the entire context, as offered in the Respondent's Exhibit 22.  The Complainant indicated that she would use the Respondent's Exhibit 22.

### 5.  The Complainant's Exhibits 5, 7, 8, and 24

After the Respondent received the unredacted exhibits, she submitted objections to the Complainant's Exhibits 5, 7, 23 and 24, which are communications from four law students.  I believe perhaps there is a typo in the Respondent's objection to Exhibit 23 and that her objection refers to Exhibit 8 based upon the law student identified.  The Respondent argued that because the emails do not mention her by name, it is unclear that the student concerns were specifically about the Respondent. Accordingly, the Respondent contended that they should be excluded.

**Decision:**  The Respondent's concerns are valid and understandable.  However, I am inclined to admit the exhibits subject to the expectation that the Complainant will need to demonstrate during the Complainant's case presentation that these documents specifically relate to the Respondent and her alleged actions.

**Respondent Documents and Witnesses**

1. **Witnesses**

The Complainant objected to any of the Respondent's witnesses providing character evidence during Phase One, and she raised concerns in particular about the Respondent's mother, Patricia Brown.  The Respondent indicated that her witnesses will be providing similar evidence to that provided by the Complainant.  The Respondent also stated that her mother has provided the Respondent guidance about Professor Davis and her class.

**Decision**: Character evidence is typically only admissible during Phase Two if there is a violation of the Student Conduct Code found by the SCB Panel.  Generally speaking, the parties present evidence in Phase Two surrounding the Respondent's character to offer additional context about the violation or to offer the Panel insight, for example, into the Respondent's contributions to the community, academic and extra-curricular performance as a student, or disciplinary history with the university. The SCB Panel may consider this evidence when determining appropriate sanction.

I would remind both parties that, during Phase One, their witnesses are expected to testify to the factual allegations in dispute, which are related to the Respondent's alleged behaviors as outlined in the Notice of Complaint and the effect on members of the law school community.  During Phase One, the parties may introduce evidence that goes to the Respondent's alleged behaviors and has bearing on whether her conduct did or did not impact members of the law school community in a manner that rises to a violation of the Student Conduct Code.

The Respondent identified her mother as a witness, and the Complainant objected.  Based upon the arguments presented and a review of Ms. Patricia Brown's written statements, I find that Ms. Patricia Brown is not a fact witness, and she will be excluded from testifying in Phase One.  The Respondent's mother does not have personal, first-hand knowledge of what allegedly transpired in the classrooms or among members of the law school community.  Her proposed testimony is not relevant in that it will not tend to prove or disprove the underlying allegations of the Respondent's behavior and the impact on members of the law school community.  She will, however, be permitted to testify during Phase Two if needed.

2. **Respondent Exhibits 1-7 (Witness Statements)**

The Complainant objected to the Respondent's Exhibits 1, 2 and 3 as duplicative. Exhibit 1 is a written statement from the Respondent's mother, and Exhibits 2 and 3 are written statements of two other witnesses who the Respondent will be calling to testify in person.  The Respondent responded that these individuals should be able to submit a written statement that the SCB Panel can rely upon during deliberations.  Exhibits 4-7 are written statements from other graduate students not affiliated with the law school, none of whom have personal knowledge of the allegations of the Respondent's conduct within the law school community.

**Decision:**  The Respondent's Exhibits 2 and 3 will be admitted in Phase One. For the reasons set forth above, Exhibits 1 and 4-7 will be excluded from Phase One and will only be allowed if Phase Two is necessary.

### 3.  Respondent's Exhibit 8 and Complainant's Exhibit 10 (Pre-Matriculation Thread)

The Respondent's Exhibit 8 is a single page that is also found in a longer thread of screenshots in the Complainant's redacted Exhibit 10.  The Complainant expressed concern that the single page of Exhibit 8 could be taken out of context and confuse the Panel.

The Respondent then objected to the entirety of the Complainant's Exhibit 10 as irrelevant because the exchange takes place before she began law school and paid her enrollment deposit and tuition.  The Complainant responded that the Complainant's Exhibit 10 is being used to demonstrate the beginning of the Respondent's alleged pattern of behavior on social media when engaging with classmates.

**Decision:** The Respondent's Exhibit 8 and the Complainant's Exhibit 10 will both be admitted.

### 4.  Respondent's Exhibits 9-13 (Exhibits related to R.O-S. and other proceedings)

The Respondent Exhibits 9-13 are a series of documents related to an Order of Protection filed by another law student, R.O-S., who had previously submitted a complaint against the Respondent with the Title IX office and who appears to have filed an Order of Protection with the St. Louis County Circuit Court. The Respondent included email exchanges with the Title IX office pursuing a complaint against the other law student, a text exchange between the Respondent and R.O-S., and email exchanges with the law school regarding final exam accommodations due to a scheduling conflict with a hearing on the Order of Protection. The Complainant objected to the Respondent's Exhibits 9-13, arguing that these are related to the Respondent's Title IX proceedings, which are irrelevant to the current student conduct matter. The Complainant represented that the law school is not planning on discussing the Title IX matter as part of its case. The Respondent argued that the exhibits are relevant, as they provide the context for the Respondent's response in one of the Complainant's exhibits of a screenshot with Dean Smith.

**Decision:**  The Respondent's Exhibits 9-13 will be excluded.  The Title IX proceeding is not relevant to the current allegations and charges against the Respondent.  The Respondent is welcome to provide her own testimony that offers the SCB Panel some additional context on her interaction with Dean Smith.  It is not necessary for the SCB Panel to have these underlying Title IX or Order of Protection materials for the purposes of this hearing.

### 5.  Respondent's Exhibit 29 (Grant award letter)

The Complainant objected to Exhibit 29 as irrelevant to the current charges.  The Respondent's Exhibit 29 is a grant award letter to the Respondent.  The Respondent argued it is relevant because it was awarded with the involvement of Professor Davis, one of the Complainant's key witnesses.

**Decision**:  The Respondent's Exhibit 29 will be admitted.

### 6.  Respondent's Exhibits 47-49 and 50

The Complainant objected to Exhibits 47-49 and Exhibit 50 as irrelevant to the current charges. Exhibits 47-49 consist of a CDC brief on masking, a Harvard Medical School article on masking, and OSHA guidance on Preventing and Mitigating the Spread of COVID in the workplace.  The Respondent argued that these exhibits are relevant because the Complainant has included a social media screenshot exhibit in which the Respondent refers to another student as a "dumbass," and the Respondent asserted she made the comment because the other student was not adhering to CDC pandemic guidance and WashU policy. The Complainant asserted that she did not include the screenshot exhibit for the purpose of arguing about CDC guidance but rather to provide an example of the Respondent's social media posts regarding classmates.

Exhibit 50 is an article from The American Prospect titled "Black Kids Accused of Causing Their Own Deaths, from Tamir Rice to Emmett Till."  The Respondent argued she included this because she claims that one of the Complainant's witnesses, Professor E. Katz, had a "habit" of showing black children being murdered in her class.

**Decision**:  The Respondent's Exhibits 47-49 and 50 will be excluded.  The Respondent is welcome to testify and provide additional context regarding the social media screenshot and reference to another student, but I do not believe that these materials are necessary for the Panel to review.  The Respondent is also welcome to testify and provide context to her interactions with Professor E. Katz, as long as it is relevant to the specific charges.  Again, the determination whether testimony or evidence is relevant is based upon whether the proposed evidence tends to prove or disprove the allegations in the Notice of Complaint.

### 7.  The Respondent's Exhibits 51-52

The Complainant objected to Exhibits 51-52, which are externship offer letters to the Respondent as irrelevant.  The Respondent responded that they are relevant because she believes that the Complainant intends to argue that the Respondent is harassing and threatening other students and yet, the exhibit demonstrates that Respondent is actively trying to leave the institution.

**Decision**: The Respondent's Exhibits 51-52 are irrelevant to the factual allegations about the Respondent's alleged conduct directed toward members of the law school community.  The Respondent's Exhibits 51-52 would be admissible during Phase Two if necessary.

### 8.  The Respondent's Exhibits 53-54

The Complainant objected to the Respondent's Exhibits 53 and 54, which are email exchanges between the Respondent and another law school professor, A. Katz.  The Complainant argued that these exhibits are character evidence and would only be admissible during a Phase Two. The Respondent argued that these exhibits are offered as a response to the Complainant's anticipated assertion that the Respondent is a harasser and threat to the community.  According

to the Respondent, the exhibits demonstrate that professors are willing to engage with the Respondent.

**Decision**:  Exhibits 53-54 will be admitted.

### Exhibits Related to the Respondent's Prior Student Conduct Code Violation

I asked the parties to address the evidence submitted by both parties that is related to the Respondent's prior student conduct code violation of Offense No. 20. The Complainant (Exhibits 1 and 11) and the Respondent (Exhibits 23, 24, and 25) both submitted exhibits that make reference to the Respondent's violation of the law school's recording policy.

The Respondent argued that all evidence and testimony related to her prior violation of Offense No. 20 should be excluded because the issues "have been dealt with" and including it in this matter would constitute double jeopardy.  The Respondent asked that all evidence and testimony from Prof. E. Katz and two students, G.H. and S.G. be excluded.  The Complainant argued that these exhibits and witnesses should be included because they are being used to demonstrate the Respondent's alleged pattern of taking things people say in classroom, posting those on social media, and the resulting impact on students.  The Complainant stated she will not be arguing a violation of the law school's recording privacy policy.

**Decision**: The Complainant's Exhibits 1 and 11 will be admitted.  The Respondent's Exhibits 23 and 25 will be excluded.  The Respondent's Exhibit 24 will be admitted.

The Respondent's Exhibit 23 is a series of email exchanges with the Office of Student Conduct and Community Standards regarding the prior student conduct matter.  Exhibit 25 is the Respondent's Appeal of the prior OSCCS decision.  Neither are relevant to this matter.

The prior student conduct matter strictly reviewed whether the Respondent took photos or screenshots of classroom settings or canvas discussions and posted them for public consumption in violation of the law school's recording privacy policy. Although the exhibits refer to the Law School's recording privacy policy and the Complainant's violation of that policy, the prior matter did not address the substantive content of the Respondent's postings and the impact on any law school community members involved.  Referring to that prior matter does not constitute "double jeopardy." I will allow the Complainant to refer to the prior student conduct matter to the extent the Complainant wishes to present evidence and argue that the Respondent has allegedly engaged in a pattern of behavior and that it has impacted members of the law school community. The Complainant may not argue that the Respondent should be found in violation of the recording policy again or that the Respondent is inclined to violate the Code based upon the prior violation.

To this end, I will provide an instruction to the SCB Panel clarifying that the evidence related to the law school recording policy and the Respondent's violation of that policy has already been

adjudicated and that it is only being offered for consideration of the Respondent's alleged pattern of behavior and impact on the community.


### General Provisions


**Role of Support Person**: Each party, and their support persons, should familiarize themselves with those portions of the Code that apply to the Hearing. They will be held to its provisions.  The Parties shall insure that the support persons (including attorneys) are aware that they are not permitted to testify, serve as a witness, examine parties or witnesses, or provide verbal or written statements to the University Student Conduct Board.


Signed:


/s/ Darrell Hudson                                                    12/12/2022

_____     _____
Darrell Hudson, Chair of the                                    Date
University Student Conduct Board

Signature Page

Allison Brown, Plaintiff