**UNIVERSITY OF MICHIGAN**

Allison Brown <albsure@umich.edu>

## Attn: Erik Orvitz - Allison Brown - Title VII/EEOC Fw: ALLISON BROWN - Request for New Counsel Email #16
1 message

Patricia Brown <brownandrussell@verizon.net>        Wed, Mar 5, 2025 at 3:54 PM
To: "DBoard.D1@pacourts.us" <dboard.d1@pacourts.us>
Cc: "albsure@umich.edu" <albsure@umich.edu>

----- Forwarded Message -----
**From:** Patricia Brown <brownandrussell@verizon.net>
**To:** albsure@umich.edu <albsure@umich.edu>; sdd@lentolawgroup.com <sdd@lentolawgroup.com>
**Sent:** Thursday, January 19, 2023 at 11:12:45 PM EST
**Subject:** ALLISON BROWN - Request for New Counsel

Dear Mr. Lento,

I paid $15000 for your law firm to represent my daughter on December 19, 2022, a month ago today and we have made absolutely no progress toward resolution and are at the same point we were when we hired your firm.

Allison's assigned counsel is Ms. Stacy Forchetti, a former divorce lawyer that joined the Lento law firm in December 2022, a month ago.

 I would like a more experienced lawyer to represent Allison that

1) WUSTL takes seriously. Ms .Forchetti sent WUSTL a form to fill out and WUSTL responded lackadaisically. I told Ms. Forchetti that I did not think that Dean Gore was taking her seriously and that she should negotiate with General Counsel instead and she responded that she was making great progress with Dean Gore. Today, she says that Allison must sign a non-disclosure/non-disparagement agreement. The reason I initially hired your firm is because WUSTL wanted Allison to sign a non-disclosure/non-disparagement agreement and I was not comfortable with that, so I hired your firm. I know my daughter and she has no business signing a non-disclosure/non-disparagement agreement.

2) understands that the word "coon:" is not a racial slur when used to describe a black person who sells out other black people for their own personal gain. Ms. Forchetti said that WUSTL actions against my daughter were warranted because she used a racial slur.

3) understands that it is excessive for a university to respond to a student making a political statement on her personal instagram account with a picture of a judge and a professor with the caption that this judge supports ending mask mandates which ends up killing thousands of people by having a Professor set her up and feign objection to an innocuous comment, storming out of the classroom and cancelling classes for a week, getting my daughter suspended, spending extensive resources on a hearing in which evidence that would exonerate my daughter was excluded, and including evidence that has nothing to do with WUSTL. This is extremely excessive considering that the same university does absolutely nothing when a student attempts to make another student sign a contract where it is acceptable for the student to have non-consensual sex (rape) the student, or files a temporary restraining order in court causing the student to move their exams and then not showing up for the hearing, or brings guns to school related events.

Case 8:24-cv-03198-TDC    Document 44-5    Filed 03/20/25    Page 1 of 12

4)  understands that unlike divorce law, it does matter what Allison does in determining whether she is a threat to the WUSTL community and should be removed.  Ms. Forchetti stated earlier today that it didn't matter what Allison did, the fact is that Allison makes some members of the WUSTL community uncomfortable.  This is not a marriage.   This is a university.  I think that someone should remind Ms. Forchetti that the mere presence of  black people makes some white people uncomfortable, yet black people are allowed to attend predominately white institutions.  Allison needs a lawyer that understands that it doesn't matter if Allison makes people uncomfortable so long as she is not breaking laws or policy.

Again, while Allison's posting of a photo on her webpage was against school policy, I do not see it warranting the WUSTL administration's response of having a Professor set her up and feign objection to innocuous statements to get her suspended, expending substantial resources for a hearing, and trying to expel her.  Ms. Forchetti disagrees and thinks that Allison is getting a great deal for signing a non-disclosure/non-disparagement agreement in exchange for allowing her to finish her degree off campus.  WUSTL offered us the same deal before we hired you.

5) could have secured Allison's ability to intern this semester and negotiated the terms regarding the WUSTL complaint at a later dated.  Ms. Forchetti was unsuccessful in getting the temporary suspension lifted so Allison cannot intern this semester and Allison must take classes.  I asked Ms. Forchetti if she could negotiate an agreement where Allison could do her internships because they were off campus and that she would not be a threat to the WUSTL community and that we could deal with the underlying WUSTL complaint at a later date and she said that she could not and that the complaint had to be dealt with at the same time as WUSTL giving Allie permission to do an internship.  Ms. Forchetti would not even ask WUSTL if Allison could intern.

6)  Ms. Forchetti sees no actionable damages although Allison has been labeled as a danger to WUSTL community through a Professor's feigned objection to innocuous statements that the University will not show because it is damaging to the University,  and is not allowed on campus and must take on-line classes.  There have been numerous articles on the learning loss attributed to on-line learning during COVID.  Thus, Allison needs counsel that understands that on-line learning is a loss.   Also, Allison needs counsel that understands that being labeled a danger to the WUSTL community is damaging. Also, I haven't slept well in the past 6 months, first worrying about WUSTL's reluctance to send documents in support of Allison's transfer applications and Allison not being accepted and having to stay at WUSTL, Professor Davis' bizarre behavior in class culminating in getting Allie suspended, Allison's suspension and the WUSTL vengeance against Allison, including insisting on a hearing that excluded exculpatory evidence and included prejudicial but irrelevant evidence, and now Allison's counsel, that believes that the WUSTL administration's actions against Allison are warranted because she used the word "Coon" and posted a picture of her professor with a judge on her instagram account as stated above.

At this point, Allison is in no rush to do anything but would like new counsel going forward that will be a stronger advocate for Allison than Ms. Forchetti.

Please let us know how you intend to proceed.

Respectfully submitted,

Patricia Brown (Allison's mom)

On Mon, Dec 19, 2022 at 1:12 AM Allison Brown <albsure@umich.edu> wrote:

Hello Mr. Lento,

Our contact information is as follows:

Case 8:24-cv-03198-TDC    Document 44-5    Filed 03/20/25    Page 2 of 12

Allison Brown (2L at Wash U Law)
Address: 2000 Flourmill Court
Crownsville MD 21032
E-mail: albsure@umich.edu
Phone: 301-875-2658

Patricia Brown
Address: 2000 Flourmill Court
Crownsville MD 21032
E-mail: brownandrussell@verizon.net
Phone: 301-938-3503

Please find attached a signed engagement letter, the complainant (Dean Walsh/Wash U Law's packet, Complainant 1) for the hearing, and my packets (Respondents 1 and 2)

Case Deadline: January 17th, 2023 - This is the first day of classes, and therefore I need to be sure that I am in good standing at Wash U to be able to start and complete my externship. I hope to negotiate a deal with Wash U Law to be in good standing as soon as possible, but the latest possible date to resolve this matter is January 17th 2023.

Case Documentation: All of the materials that were introduced in the pre-hearing (the hearing never occurred due to the law school bitching my exhibits by placing them out of order and renaming them incorrectly) are attached.

Case Summary:

Allison Brown is a 2L at Washington University in St. Louis School of Law, where she was sexually harassed and stalked by a classmate the entirety of her first year. Because the law school did nothing to protect her (as she eventually had to reschedule her exams to attend a restraining order hearing for this classmate who she had not spoken to in 8 months and did not show up to court), she began posting on social media about her experiences of sexual and racial violence at Wash U. After Allison documented a few racially motivated events during her criminal law class on her instagram page, the page caught the attention of Wash U staff (Dean Walsh, the complainant) and other students.

Allison Brown was charged with violating Provision 20 of the Wash U Student Conduct Code for violating the privacy policy. Allison, after notifying Dean Walsh and Ms. Angela Smith (head of diversity for the law school), and receiving an e-mail that

Case 8:24-cv-03198-TDC    Document 44-5    Filed 03/20/25    Page 3 of 12

said "Thanks, Allie.", took pictures of one her classmates' white-supremacist manifesto. Allison, being afraid of becoming the next school shooting victim (as her classmate wrote over 1200 words about her "tone" and how "aggressive" she was), posted the pictures of the white supremacist manifesto (written on Canvas) on instagram. Allison received a warning for violating Provision 20.

Fast forward seven months - on November 2nd, Allison Brown's "Race in the Law" professor (who is Black), Adrienne Davis, ran out of the classroom after screaming "I am a white supremacist" and "I am Bull Connor" after Allison raises her hand to defend a fellow classmate in class. On November 4th, Allison Brown was "temporarily" suspended from the law school after receiving a call from Dean Rob Wild, the Vice Chancellor of Student Affairs.

Allison Brown has been charged with violating two provisions of the student conduct code for her posts and "behavior" in the Wash U Law community:

**Number 2:** Interfering with the rights of other members of the University community or visitors to the University to engage in educational, recreational, residential, administrative, professional, business, and ceremonial activities, or other functions.

**Number 4:** Stalking, hazing, engaging in domestic, dating, or interpersonal violence, or any other conduct which harasses, threatens, or endangers the safety or health of, any member of the University community or visitor to the University.

(Link to student conduct code: https://wustl.edu/about/compliance-policies/academic-policies/university-student-judicial-code/ )

Allison Brown has been "temporarily suspended" pending a hearing for almost 2 months, and has been banned from stepping foot on campus or participating in any extracurricular activities, including those she planned as Vice President of the Black Graduate Student Association.

The Student Conduct Board hearing was postponed (proposed date unknown) because the Office of Student Conduct botched my exhibits by putting them out of order, and re-naming them without my consent.

I want to negotiate before the next hearing occurs (hopefully, cancelling the next hearing) to make sure that I can finish law school. Dean Walsh (the Complainant) wants to make me sign a non-disparagement agreement and a release of all claims. I refuse to sign those documents.

<u>My demands are as follows:</u>

As I have already been suspended for two months, unable to participate in school activities, to go to office hours, to attend meetings with Professors, and to contact my professors directly, I submit the following requests:

1. Allison Brown will complete the Spring 2023 semester at an off-campus externship or other non-campus program that qualifies for WashU Law credits. The Law School will allow Allison to work for credit at the National Center for Youth Law and/or the United Nations Permanent Forum for People of African Descent per the terms of the previous submitted offer letters.

2. Allison Brown will be allowed to return to Wash U Law, if only completely necessary and not accepted into a study abroad program, in the Fall of 2023. Allison Brown will get credit for the suspension as "time served", and is not subject to suspension or expulsion for any evidence that is contained within the Complaint.

3. Allison Brown will not take courses from Professor Katz, Professor Davis, Professor Shields, or Professor Peggy Smith.

4. Allison Brown will not contact any student who was named a witness or identified in the e-mails of the Complainant's.

<u>The law school's demands are as follows:</u>

1.    Allison Brown will complete the Spring 2023 semester through an off-campus externship or other non-campus program that qualifies for WashU Law credits and by enrolling in Legal Practice II asynchronously. The law school can assist her in identifying externship programs, but Allison is responsible for doing whatever is necessary to apply. The law school will identify the Legal Practice instructor and enroll her in the course.

2.    Assuming Allison Brown successfully completes WashU Law's requirements for a JD, including an ethics course and a seminar, Allison Brown will receive a JD from WashU Law. However, she may not return to WashU law or take any online courses offered by WashU Law. If Allison enrolls at another school as a visiting student, WashU Law will grant her a leave as needed. Allison is responsible for identifying such programs and doing whatever is necessary to apply.

Case 8:24-cv-03198-TDC    Document 44-5    Filed 03/20/25    Page 5 of 12

3.      Allison Brown will sign a release of any claims and a non-disparagement agreement. Upon final signed agreement, the law school will withdraw the pending complaint and remove any notation related to the complaint from Allison's transcript.

4.      Allison Brown will not attend Washington University sponsored events and will not be permitted on the Washington University campus (or any university owned, leased, managed or rented property) without advance permission. Permission must be sought through a designated contact person (TBD).

5.      The law school will answer truthfully any inquiries from other academic institutions, bar examiners, or government officers.

My response to those demands is the following:

As for Number 1, their demand must read: "the law school will allow you to complete your Wash U Law degree by completing externships and coursework at another institution as a visiting student." What is important here, is to ensure that they do not allow me to complete coursework at another student as a visiting student, and then say that those courses/credits will not transfer. I need written assurance that any/all of my applicable coursework will transfer (i.e. the ethics course required by Wash U for graduation can be fulfilled by a similar course on ethics at a different university.) There needs to be some wording about Dean Walsh not having the discretion to single-handedly veto my credits just because she doesn't want me to graduate from law school.

As for Number 2, I am not inclined to leave Wash U if I do not have secure placement at another top University. Is there any way that Dean Walsh can secure this, or make a contractable assurance that this will occur? Does Wash U have the ability or resources to ensure my successful transfer? Or is Wash U going to ensure that I never graduate from law school because Dean Walsh is going to bad-mouth me? I will note: I am open to transferring to another non-top University - but I need written assurance that the credits will transfer.

Additionally, as for Number 3, I refuse to sign a release of all claims or a non-disparagement agreement. However, I am open to the idea of not talking about Wash U while I am a law student. The terms of a non-disparagement agreement will need to be evaluated before it will be signed or agreed upon.

As for Number 5, "the law school will answer truthfully", I need to see the "truthful" statement that the law school will provide upon inquiry.

Here are a list of the people who I have met since the beginning of this disciplinary process:

Deanna Wendler Modde

Associate General Counsel and Assistant Vice Chancellor (She is assigned to my case in the Box documents)

Phone: 314-935-4039
Fax: 314-230-1893
DWendler@wustl.edu

Rob Wild (The guy who called me up to tell me I was suspended)
Associate Vice Chancellor for Student Affairs
Dean of Students & Chief of Staff
Washington University
One Brookings Drive, Campus Box 1250
St. Louis, MO 63130
Phone: (314) 935-4526
Mobile: (314) 541-6049

Dean Walsh (Complainant against me)
Elizabeth Walsh | she/her/hers
Associate Dean for Student Life & Academic Services
ewalsh@wustl.edu | 314.935.5861
Meet with Me in Person or Meet with Me Virtually

Nicole Gore
Associate Dean, Office of Student Conduct and Community Standards
Washington University in St. Louis
One Brookings Drive, Campus Box 1250, St. Louis, MO 63130
Phone:  314.935.4174  | Fax: 314.935.7776  |

Case 8:24-cv-03198-TDC   Document 44-5   Filed 03/20/25   Page 7 of 12

Chair of the Student Conduct Board (who refuses to admit some of my evidence into the hearing)
Darrell Hudson
d.hudson@wustl.edu


This is all of the information that I have for now. Please let me know when you all are available for a call, or if you all need any additional information from me. I look forward to hearing your insights and what you have to say.

Thanks much and best,
Allison Brown


On Sat, Dec 17, 2022 at 12:06 PM Joseph Lento <joseph@studentdisciplinedefense.com> wrote:
> Dear Allison, Patricia, and Russell,
> Hello.  Please allow us to follow up regarding the following important administrative matters.
>
> Please note that, as applicable below, "you", "your", and/or the equivalent refers to Allison who is the client.
>
> For us to START work on your case, please note that we will need you to:
>
>   1. Confirm your contact information.
>   2. Confirm your understanding of any deadline(s) associated with your case
>   3. Complete and return the engagement letter (attached below).
>   4. Forward your case information in one email.
>
> Thank you for your immediate attention to this matter.
>
> Please note that a payment of $15,000 was able to be processed today on the card provided (in the name of Patricia Brown, Allison's mother) as authorized by Patricia and Russell Brown and you per our prior communications towards the $15,000 flat fee for representation of Allison.
>
> The reduced $15,000 flat fee, due in full for us to proceed, will cover reasonable steps on your behalf in a remote capacity as your advisor, to the extent permitted by school policy, through any potential adjudicative / appeal process at the school level

Case 8:24-cv-03198-TDC    Document 44-5    Filed 03/20/25    Page 8 of 12

as reasonably anticipated by the Firm at the time of the consultation, up to and including our engaging with the school's Office of General Counsel (the school's attorney) in an effort to address and resolve the present concern as best as possible / in an effort to reverse the dismissal if possible / in an effort to achieve a better outcome than at present. Potential efforts with a school's Office of General Counsel are generally reserved for after the exhaustion of the school process, but this determination will be made as necessary by the Firm. As you are at a certain point in the process, and subject to confirmation by the Firm in due course, we tentatively anticipate our efforts to be focused at the level of the school's Office of General Counsel. The above-referenced fee does not include a lawsuit (if one were to be determined in due course to be in a client's best interests). The hope and goal, however, would be to achieve a favorable resolution at the school level without the need for a lawsuit. We cannot guarantee an outcome and/or the process, including applicable timeframes involved, but we will do what is reasonably within our power in an effort to effectuate the best possible outcome for you at the school level per our present engagement.

Subject to confirmation by the Firm in due course, we anticipate following up on your behalf with applicable parties at the school as soon as reasonably possible in the appropriate manner based on case circumstances. That said, there *may* be considerations and concerns with regards to your potential academic progression in light of, for example, school academic requirements and the potential timeframes involved before your matter is addressed and resolved. (If a student's potential dismissal is "stayed" per the appeal process and/or other steps at the school level as applicable, these concerns may be lesser in nature. If a student's dismissal is not "stayed" per the appeal process and/or other steps at the school level as applicable, these concerns would be more significant.) In light of these considerations and concerns generally, we will be making our reasonable best efforts to try to have the school provide a favorable response and in as timely a manner as possible, but it is important to understand that there may be potential fundamental constraints in achieving a favorable and timely resolution in light of the above considerations and concerns.

Per office policy, a fee allows our representation for a given matter per the terms of the engagement, and by being engaged for a given matter, we are forgoing other available opportunities – accordingly in part, any and all fees related to this matter, fully earned upon receipt, are non-refundable and will not be reduced if the matter is disposed of in an alternative manner.

Attorney Joseph D. Lento and the Lento Law Firm and Lento Law Group team, which includes attorneys and non-attorney professionals, will be following up on your behalf as discussed and will be serving as your advisor per the present engagement. During the initial team review after engagement, the team will determine as to which attorney is best suited to serve a client's needs and we will follow up accordingly with a client regarding the assigned point of contact to whom communications moving forward should be directed (in addition to our SDD@LentoLawGroup.com email referenced further below).

EMAILS MOVING FORWARD

To ensure all necessary Lento Law team members have access to your emails moving forward, please copy SDD@LentoLawGroup.com on any emails you send related to your case.

*For example:*

- If you are replying to your Lento Law attorney point of contact or someone else at Lento Law, please simply copy SDD@LentoLawGroup.com on that email.

- If you need to send an email to the team and are not necessarily replying to a Lento Law team member, please simply email SDD@LentoLawGroup.com.

In sum, you should always INCLUDE SDD@LentoLawGroup.com on all emails to us moving forward.


CONTACT INFORMATION:

Please send an email to SDD@LentoLawGroup.com with your (and anyone else's preferred) contact information:

- your home address
- preferred personal email address(es)
- preferred contact phone number(s)


CASE DEADLINE(S)

Please confirm your understanding of any deadline related to this matter.  Please email this information to SDD@LentoLawGroup.com

Case 8:24-cv-03198-TDC    Document 44-5    Filed 03/20/25    Page 10 of 12

CASE DOCUMENTATION

In part, we are in the process of creating your file. Because we want to make certain that all necessary documentation and information is available to us, as soon as possible, please send your case documentation and case information to our SDD@LentoLawGroup.com email address in ONE EMAIL.

It is important that the documentation and information be sent in ONE EMAIL.

ENGAGEMENT LETTER

Please also allow us to briefly follow up regarding an administrative matter. Per standard protocol, we attached our standard engagement letter. As soon as possible, we will need you to please review, sign and date where indicated, and return the form to my office via email to Joseph@StudentDisciplineDefense.com or fax (855-535-3686).

Please note that you will need to complete and return the engagement letter to us for us to start work on your case.

Please let us know if you have any questions or concerns at this time or at any point in time.

Thank you.

--
*Sincerely,*
*Joseph D. Lento, Esquire*
*Attorney & Counselor at Law*

*Helping Clients Nationwide*
- Office: 888-535-3686
- Email: Joseph@StudentDisciplineDefense.com

- Fax: 855-535-3686
- StudentDisciplineDefense.com

ATTORNEY-CLIENT AND/OR WORK PRODUCT PRIVILEGED MATERIAL: The information contained in this email, including all attachments, is the confidential information of, and/or is the property of, the Lento Law Firm. The information is intended for use solely by the individual or entity named in the email. If you are not the intended recipient or you received this in error, then any review, printing, copying, or distribution of any such information is prohibited. Please notify the sender immediately by reply email and then delete this email from your system.

--
Allison S. Brown
Civil Rights and Immigration Policy, Ford School of Public Policy
University of Michigan, Ann Arbor
J.D. Candidate, Class of 2024
Washington University in St. Louis School of Law
allison.brown@wustl.edu  | albsure@umich.edu
https://www.linkedin.com/in/allisonsbrown/
--
Allison S. Brown
Civil Rights and Immigration Policy, Ford School of Public Policy
University of Michigan, Ann Arbor
J.D. Candidate, Class of 2024
Washington University in St. Louis School of Law
allison.brown@wustl.edu  | albsure@umich.edu
https://www.linkedin.com/in/allisonsbrown/

Case 8:24-cv-03198-TDC   Document 44-5   Filed 03/20/25   Page 12 of 12