# LEWISRICE LLC

| | | |
|---|---|---|
| **Winthrop B. Reed, III**<br>WReed@lewisrice.com<br>314.444.7617 *(direct)*<br>314.612.7617 *(fax)* | Attorneys at Law | 600 Washington Avenue<br>Suite 2500<br>St. Louis, Missouri 63101<br>www.lewisrice.com |

April 16, 2025

*<u>Via CM/ECF</u>*
United States District Court for the District of Maryland
Hon. Theodore D. Chuang
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

> Re:  ***Brown v. Washington University in St. Louis School of Law, et al.***
>       **Case No. 8:24-cv-03198-TDC; Defendants' Notice of Intent to File a Motion**

Dear Judge Chuang:

Pursuant to Section II.A.1 of the Case Management Order (ECF No. 4), I submit the following Notice of Intent to File a Motion on behalf of Defendants Washington University in St. Louis School of Law ("WashU"), Adrienne Davis, Russell Osgood, Peggie Smith, Elizabeth Katz, Darrell Hudson, Elizabeth Walsh, Carrie Burns; Angela Smith, Rob Wild, Nicole Gore, Mark Kamimura-Jiménez, and Deanna Wendler-Modde (the "Individual Defendants") (together, "Defendants").  Defendants respectfully request the Court's permission to file a motion to strike Plaintiff Allison Brown's Second Amended Complaint.

On February 5, 2025, Defendants filed a motion to dismiss Plaintiff's operative First Amended Complaint for lack of personal jurisdiction and for failure to state a claim on which relief can be granted.  This motion has been fully briefed by the parties and awaits the Court's disposition.  However, on March 18, 2025, forty-one days after service of Defendant's motion to dismiss, Plaintiff filed a notice of intent to file a motion for leave to file a second amended complaint.[1]  The Court granted Plaintiff "leave to file the Motion to Amend proposed in ECF No. 41" no later than April 11, 2025, and set a briefing schedule on the motion. (Order, ECF No. 47.)

However, on April 11, 2025, Plaintiff did not file a motion to amend as contemplated by the Court's order.  Instead, Plaintiff simply filed a second amended complaint without leave of Court.  (*See* Second Amended Complaint, ECF No. 48.)  Because Plaintiff did not secure leave of Court to file the proffered pleading, the Court should strike it.  *See* Fed. R. Civ. P. 15(a)(2); *Townsend v. Moyer*, No. TDC-17-3385, 2019 WL 4643984, at *2, *4 (D. Md. Sept. 23, 2019) (striking supplemental pleading filed without leave of court); *Dungey v. Culmen Int'l LLC*, No. 1:21-cv-1027 (RDA/JFA), 2022 WL 4357443, at *3, *8 (E.D. Va. Sept. 20, 2022) (granting motion

---

[1] Plaintiff must seek and obtain leave of Court to file a second amended complaint because more than twenty-one days had passed since Defendant's service of a motion under Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B), (a)(2).

*Established* 1909

LEWISRICE LLC

April 16, 2025
Page 2

to strike amended complaint because "Plaintiff never sought leave to amend and instead sidestepped this Court's rules by directly filing the Amended Complaint").

    Thus, Defendants respectfully request permission to file a motion to strike Plaintiff's Second Amended Complaint. Defendants have not met and conferred with Plaintiff regarding this motion. Please do not hesitate to let me know if you require anything further.

    Respectfully submitted,

    /s/ Winthrop B. Reed, III

    Winthrop B. Reed, III

Copy by electronic filing to:

    Lindsey M. Bruno
    Anamika Roy Moore
    Allison Brown