**LEWIS RICE** LLC

| | | |
|---|---|---|
| **Winthrop B. Reed, III** | | 600 Washington Avenue |
| | | Suite 2500 |
| WReed@lewisrice.com | Attorneys at Law | St. Louis, Missouri 63101 |
| 314.444.7617 *(direct)* | | |
| 314.612.7617 *(fax)* | | www.lewisrice.com |

July 1, 2025

<u>*Via CM/ECF*</u>
United States District Court for the District of Maryland
Hon. Theodore D. Chuang
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

      Re:    *Brown v. Washington University in St. Louis School of Law, et al.*
              Case No. 8:24-cv-03198-TDC; Defendants' Notice of Intent to File a Motion

Dear Judge Chuang:

      Pursuant to Section II.A.1 of the Case Management Order (ECF No. 4), I submit the following Notice of Intent to File a Motion on behalf of Defendants Washington University ("WashU"), Adrienne Davis, Russell Osgood, Peggie Smith, Elizabeth Katz, Darrell Hudson, Elizabeth Walsh, Carrie Burns; Angela Smith, Rob Wild, Nicole Gore, Mark Kamimura-Jiménez, and Deanna Wendler-Modde (the "Individual Defendants") (together, "Defendants"). Defendants respectfully request the Court's permission to file a short (less than four-page) supplemental brief regarding Plaintiff's Title VII claim and the Equal Employment Opportunity Commission ("EEOC") documents Plaintiff filed on June 18, 2025 (ECF No. 57).

      On February 5, 2025, Defendants filed their Memorandum in Support of their Motion to Dismiss in which they argued (among other things) that Plaintiff's failure to file a charge of discrimination with the EEOC and exhaust her administrative remedies was fatal to her attempted Title VII claim. (ECF No. 31 at 16–17.) Over four months later, on June 17, 2025 (i.e., three days before the conclusion of the Court-ordered supplemental briefing on the Motion to Dismiss), Plaintiff tried to rectify this failure by filing a charge of discrimination against WashU. (ECF No. 57-2.) In the charge, Plaintiff states that she was hired by WashU as a Research Assistant during the Fall 2022 semester and paid a $1,000 stipend. (*Id.*) She then falsely claims—under penalty of perjury—that her employment with WashU "has not ended." (*Id.*)

      In reliance on Plaintiff's forswearing, the EEOC issued Plaintiff a notice of right to sue (ECF No. 57-1) that same day, before WashU had an opportunity to respond to (or even view) the charge. Plaintiff then filed the charge and the notice of right to sue on June 18, 2025 and argued in her supplemental briefing that this "should cure Defendant's argument that Plaintiff's claims requiring an EEOC letter should be dismissed." (ECF No. 58 at 10.) Defendants thus intend to file a motion for leave to file a short, supplemental brief that addresses this new argument, which Defendants did not have an opportunity to address before filing their June 2, 2025 supplemental brief.

      "[F]iling a timely charge is a prerequisite to having an actionable claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002). "A defendant may move to dismiss a complaint for the failure of a plaintiff to fully exhaust their administrative remedies under Rule 12(b)(6)." *White v. Univ. of Maryland Med. Ctr.*, 642 F. Supp. 3d 504, 508 (D. Md. 2022). Dismissal under Rule 12(b)(6) due

*Established* 1909

LEWIS RICE LLC

July 1, 2025
Page 2

to failure to exhaust administrative remedies is appropriate when "the plaintiff's potential response to the affirmative defense [is] foreclosed by the allegations in the complaint." *Mills v. Inova Health Care Servs.*, 2025 WL 40550, at *2 (4th Cir. Jan. 7, 2025) (per curiam) (quoting *L.N.P. v. Kijakazi*, 64 F.4th 577, 586 (4th Cir. 2023)).

In order to exhaust administrative remedies, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1). The time for filing a charge of employment discrimination with the EEOC begins when "the alleged unlawful employment practice occurred." *Id.* Thus, because Plaintiff filed her charge on June 17, 2025, the alleged discriminatory or retaliatory acts must have occurred on or after December 19, 2024 in order for her charge to be timely.

In the charge, Plaintiff identifies three allegedly discriminatory or retaliatory acts committed by WashU: (1) suspending her employment; (2) revoking her scholarship; and (3) billing her "approximately $40,000." (ECF No. 57-2.) But the allegations in the operative Second Amended Complaint (ECF No. 48) ("Complaint") foreclose the possibility that any of these three acts occurred on or after December 19, 2024. In Paragraph 85 of the Complaint, Plaintiff alleges that she was suspended on November 4, 2022—over **two years** before the December 19, 2024 cut-off. And in Paragraph 103, Plaintiff alleges that WashU revoked her scholarship and began engaging in "retaliatory billing practices" in "August/September 2023"—over **one year** before the December 19, 2024 cut-off.

Because the Complaint establishes on its face that Plaintiff failed to timely file a charge, Plaintiff's Title VII claim must be dismissed under Rule 12(b)(6). *Mills*, 2025 WL 40550, at *2; *L.N.P.*, 64 F.4th at 586. Thus, Defendants respectfully request permission to file a motion for leave to file a supplemental brief addressing this narrow, limited issue. Defendants have not met and conferred with Plaintiff regarding this motion.

Please do not hesitate to let me know if you require anything further. I am happy to share a copy of the proposed supplemental brief with the Court for its review.

Respectfully submitted,

Winthrop B. Reed, III