IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:24-cv-03198-TDC |
| | ) | |
| WASHINGTON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING
PLAINTIFF'S TITLE VII CLAIM AND NOTICE OF RIGHT TO SUE**

**INTRODUCTION**

On February 5, 2025, Defendants filed their Memorandum in Support of their Motion to Dismiss in which they argued (among other things) that Plaintiff's failure to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and exhaust her administrative remedies was fatal to her attempted Title VII claim, Count I. (ECF No. 31 at 16–17.) Over four months later, on June 17, 2025 (i.e., three days before the conclusion of the Court-ordered supplemental briefing on the Motion to Dismiss), Plaintiff tried to rectify this failure by filing a charge of discrimination against WashU. (ECF No. 57-2.) In the charge, Plaintiff states that she was hired by WashU as a Research Assistant during the Fall 2022 semester and paid a $1,000 stipend. (*Id.*) She then falsely claims—under penalty of perjury—that her employment with WashU "has not ended." (*Id.*)

In reliance on Plaintiff's forswearing, the EEOC issued Plaintiff a notice of right to sue that same day, before WashU had an opportunity to respond to (or even view) the charge. (ECF No. 57-1.) Plaintiff's untimely (and untruthful) charge, and the EEOC's subsequent issuance of a notice of right to sue, does not change the fact that Plaintiff's Title VII claim cannot survive

Defendants' Motion to Dismiss. Defendants submit this supplemental briefing to address this narrow, limited issue.

## ARGUMENT

"[F]iling a timely charge is a prerequisite to having an actionable claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002). "A defendant may move to dismiss a complaint for the failure of a plaintiff to fully exhaust their administrative remedies under Rule 12(b)(6)." *White v. Univ. of Maryland Med. Ctr.*, 642 F. Supp. 3d 504, 508 (D. Md. 2022). Dismissal under Rule 12(b)(6) due to failure to exhaust administrative remedies is appropriate when "the plaintiff's potential response to the affirmative defense [is] foreclosed by the allegations in the complaint." *Mills v. Inova Health Care Servs.*, 2025 WL 40550, at *2 (4th Cir. Jan. 7, 2025) (per curiam) (quoting *L.N.P. v. Kijakazi*, 64 F.4th 577, 586 (4th Cir. 2023)).

In order to exhaust administrative remedies, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1).[1] The time for filing a charge of employment discrimination with the EEOC begins when "the alleged unlawful employment practice occurred." *Id.* Thus, because Plaintiff filed her charge on June 17, 2025, the alleged discriminatory or retaliatory acts must have occurred on or after December 19, 2024 in order for her charge to be timely.

In the charge, Plaintiff identifies three allegedly discriminatory or retaliatory acts committed by WashU: (1) suspending her employment; (2) revoking her scholarship; and (3) billing her "approximately $40,000." (ECF No. 57-2.) But the allegations in the operative Second

---

[1] The timeframe expands to 300 days if the plaintiff has instituted proceedings with a state or local agency. *See* 42 U.S.C. § 2000e-5(e)(1)). Plaintiff did not do so (and even if she had, her charge would still be untimely).

2

Amended Complaint (ECF No. 48) ("Complaint") foreclose the possibility that any of these three acts occurred on or after December 19, 2024. In Paragraph 85 of the Complaint, Plaintiff alleges that she was suspended on November 4, 2022—over ***two years*** before the December 19, 2024 cut-off. And in Paragraph 103, Plaintiff alleges that WashU revoked her scholarship and began engaging in "retaliatory billing practices" in "August/September 2023"—over ***one year*** before the December 19, 2024 cut-off.[2] Because the Complaint establishes on its face that Plaintiff failed to timely file a charge, Plaintiff's Title VII claim must be dismissed under Rule 12(b)(6). *Mills*, 2025 WL 40550, at *2; *L.N.P.*, 64 F.4th at 586.

## **CONCLUSION**

Plaintiff's desperate attempt to keep her meritless claims alive has reached new heights. She has now lied to the EEOC by claiming that—notwithstanding the fact that she was employed by WashU as a Research Assistant for one semester, has not stepped foot on WashU's campus in two-and-a-half years, and graduated from WashU more than a year ago—she was somehow still a current WashU employee as of June 17, 2025. Because the allegations in the Complaint plainly foreclose the possibility that Plaintiff filed a timely charge of discrimination, Plaintiff's Title VII claim cannot survive Defendants' Motion to Dismiss. For these reasons, and those set forth in Defendants' prior briefing (ECF Nos. 31, 46, 56), Defendants respectfully request that the Court dismiss the Complaint for lack of jurisdiction or, in the alternative, failure to state a claim.

---

[2] *See also* Second Am. Compl., at 1, ECF No. 48 (alleging that "[o]n August 15th, 2023, Defendant unilaterally revoked Plaintiff's $37,000 annual scholarship . . . .").

Respectfully submitted,

**LEWIS RICE LLC**

Dated: July 14, 2025          By: /s/ Winthrop B. Reed III
Winthrop B. Reed III, *pro hac vice* (Mo. Bar #42840)
Lindsey M. Bruno, *pro hac vice* (Mo. Bar #73055)
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7617
Facsimile: (314) 612-7617
wreed@lewisrice.com
lbruno@lewisrice.com

**SAUL EWING LLP**

By: /s/ Alicia M.S. Pitts
Alicia M.S. Pitts, Bar #31460
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8693
Alicia.Pitts@saul.com

*Attorneys for Defendants*